The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, AR 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on the following question:
 When a county hospital board leases the hospital to an individual, firm or corporation, or contracts with an individual, firm, or corporation to operate the hospital, what powers and duties if any does the hospital board have with respect to the hospital and its operation during the term of the lease or contract?
Please note that I have enclosed a copy of Attorney General Opinion86-537, which states that in the event the county hospital board of governors ("board") leases the hospital for third-party operation, "the Board retains the underlying responsibility for its management, control and operation." Op. Att'y Gen. 86-537 at 2. I am in agreement with this general statement, given the fact that the hospital remains the property of the county and the board is statutorily charged with "the duty of managing, controlling, and supervising the operation of the county hospital. . . ." A.C.A. § 14-263-105(b) (1987).[1] It was thus concluded in Attorney General Opinion 94-264 that the board of governors cannot be dissolved once a lease is approved. It was stated therein, regarding the board's "underlying responsibility" as determined in Opinion 86-537, that:
 [t]his conclusion seems logical since the county hospital, though leased, will still be `county-owned' and since some entity would need to assure that the lessee is complying with the terms of the lease. It is also possible, depending on the terms of a particular lease, that a board of governors would continue to have certain specific responsibilities with respect to the operation of the hospital.
Op. Att'y Gen. 94-264 at 6.
While it thus seems clear that the board cannot abdicate its underlying responsibility in this regard, as also noted in Opinion 86-537 "no express powers are granted for the Board to execute that duty." This is presumably a matter that could, and perhaps should, be addressed in the lease or contract agreement. Section 14-263-106 provides that the board "may contract or lease the equipment and hospital facilities . . . for such period of time and for such consideration and conditions as theboard may deem wise. . . ." A.C.A. § 14-263-106(a) (1987) (emphasis added; providing also that this is subject to the approval of the county judge and quorum court).
Reference to the particular lease or other contractual agreement will, therefore, probably be necessary in order to discern the exact nature and extent of the board's retained powers and duties. Primary responsibility for day-to-day management, control, and operation of the hospital will presumably reside in the lessee or contractor. The board may wish to consult its local counsel, however, with respect to the exercise of the board's underlying responsibilities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I believe this would also apply in the case of a contract to operate the hospital.